*AYRAUD* vs. *BABIN'S HEIRS.*

APPEAL from the court of probates of the parish of Ascension.

PORTER, J. delivered the opinion of the court. The petitioner bought of the defendants an arpent of land, front on the Bayou La Fourche, from which he was evicted by a sale under a mortgage in favor of Nicholas L'Aine and others. He brings this action to be reimbursed in the value of the land sold to him, and for the damages he has sustained by the eviction. The defendants cited in Winchester who sold to them, and he has called in warranty the curator of one Montserratt, from whom in his lifetime he alleges to have purchased.

A judicial sale to enforce the payment of the first instalment is necessary to protect the vendee against the vendor's privilege for subsequent ones.

Prescription does not run against one who cannot sell.

Eastern Dist.
Feb'ry, 1829.
AYRAUD
vs.
BAELY'S
HEIRS.

The court of probates, after hearing the parties, gave judgment against the defendant in the sum of twelve hundred dollars, the value of the land, rejecting the claim for damages, and at the same time decreed that the defendants should recover the same sum from Winchester, and that Winchester should have judgment in the same amount against the estate of Moncerrat.

The plaintiff and Winchester, who is cited in warranty, both moved for a new trial in the court below. The application of the latter was rejected, and that of the former granted, so far as to make the judgment extend to the administrator of the estate of Babin, as well as to the heirs.

From the judgment rendered against Winchester, he appealed.

The facts in this case are numerous, and many points of law have been raised in argument. To understand them correctly, it is necessary to give a statement of the case from the time when the right of mortgage was acquired under which the eviction took place.

The opinion of the court of probates contains a very ample detail of the facts, and we

adopt it with some limitations and additions, as
being conformable to our views of them as they appear on the record.

On the 27th April, 1813, a tract of land containing four arpents front on the Bayou La Fourche with a depth of forty arpents, was sold at public auction by the judge of the parish of Ascension, at the request of Rose Florence, widow of Etienne Herbert, and of François, and Margueritte Doucet, the latter represented by Baptiste Doucet, her curator.   At the sale, one Estevan Hernandez became the purchaser for the price of $3,000 in one and two years from the day of sale, and furnished his two notes for $1500 each, the first payable on the 25th April, 1814, and the other on the 25th April, 1815, endorsed by Moncerratt.

Two days after, Hernandez sold the premises to Moncerratt, who had become his endorser on the note given to the estate of Daublin.   In this act, Moncerratt promised to pay the notes which Hernandez had given.

On the 30th day of March, 1816, the land was sold by the sheriff of the parish of Ascension, at the suit of J. B. Doucet vs. Moncerratt, and Winchester became the purchaser thereof.

Eastern Dist
*Feb'y,* 1829.

AYRAUD
*vs.*
BABIN'S
HEIRS.

On the 9th of April, 1818, Winchester conveyed the land to Charles Babin (the ancestor of the defendants) for $2500 cash.

On the first of April, 1820, Babin sold one arpent front of this same tract to Ayraud (the plaintiff) for $1200, who on the 7th of January following conveyed it to Joseph Hidalgo.

On the 6th of December, 1824, an order of seizure and sale was obtained against Babin *&* Hidalgo, as third possessors of the tract originally sold to Hernandez. This order was granted on the petition of the heirs of Daublin as payees of the second note given by Hernandez at the time of the purchase. Babin and Hidalgo having failed to pay and discharge the debt, the land was seized by the sheriff on the 20th December, 1824, and advertised to be sold on the 19th January, 1825.

On the 27th January, 1825, Winchester applied for and obtained an injunction to stay the executory proceeding, and on the 25th of June he took a nonsuit with the right of reproducing the same matters in defence, in case he should be called in warranty by his vendee.

On the 30th of July, 1825, Babin & Hidalgo obtained another injunction against the pro-

ceedings of the petitioners for an order of seiz-
ure, and prayed that Winchester and Ayraud
their vendors might be called in to maintain
their title to the premises.    They appeared in
the month of August following, and filed their
answers. These injunctions were however dis-
solved by the court of the first instance, and on
an appeal to this tribunal the judgment of dis-
solution was confirmed, principally on the
ground that the defendants had not made op-
position to the order of seizure within ten days
after its notification.

The premises were afterwards sold by the
sheriff; and Ayraud, Winchester's vendee, and
vendor and warrantor to Hidalgo, became the
purchaser, for the price of $2,500, payable in
one year.

The purchase which Ayraud then made of
the land he had acquired from Babin is the
ground alleged by him in his petition for this
action.    The answer of the heirs of Babin
does not require to be specially set out.    That
of Winchester, who is cited by them in war-
ranty, sets up the following grounds of defence.

1. That he bought the land at a sale made
under an execution issued at the suit of J. B.

Eastern Dist
*Feb'ry* 1829.

AYRAUD
*vs.*
BABIN'S
HEIRS.

Doucet vs. Joseph Moncerrat for the sum of $2206, at 12 months' credit, which money he has paid, and that at the time of the purchase he was ignorant of any mortgage on the premises.

2. That it was the duty of Babin, when notice of the intended seizure of the premises was given to him, to have notified the respondent, and legally called him in warranty.

3. That if he had been called in warranty, he could have shewn, that the judgment on which the order of seizure and sale had issued was fraudulent, and obtained by connivance: that it was not legally recorded: that it was null and void, as *not containing any reasons:* that no evidence was given on the trial of the land seized being the consideration of the property sold to Hernandez.

4. That the sheriff's sale at which the respondent purchased, was for the balance due on one of the notes given as the consideration of the land purchased by Hernandez, and that the respondent took the premises free from any incumbrance created by the other obligations given for the purchase money.

5. Prescription.

The answer concludes by praying that Mon-serrat for whose debt the sale was made at which the respondent purchased may be cited in warranty.

Eastern Dist.
Feb'ry 1829.

AYRAUD
vs.
BABIN'S
HEIRS.

On the trial of the cause, the appellant offered in evidence the record of the proceedings in the case of *Doucet* vs. *Moncerratt* for the purpose of shewing that the note sued on in that case was given for the balance due by Hernandez on the first instalment of the land, and that it was in satisfaction of the judgment rendered for part of the original purchase money, that the appellant had bought at sheriff's sale. Admitting the court to have erred in rejecting the testimony, it comes upon record and we do not see that, giving it all the effect which is claimed for it, that it can sustain the defence of the appellant. It shews indeed pretty clearly that the note of Monserratt, on which Doucet, the curator of one of the heirs, brought suit, was given in part payment of the note which Hernandez owed to the succession of Daublin. Conceding that the curator of one of the heirs had a right to novate the debt due to all of them, or that if he had not that right he possessed the power to novate that portion

Eastern Dist
*Febr'y* 1829.

AYRAUD
*vs.*
BABIN'S
HEIRS.

which was due to the minor he represented, the consequence contended for by the appellant does not follow. The case shews nothing more than that the representative had converted a debt secured by mortgage against the original vendee into a personal one of the indorsers; consequently a sale to inforce this personal obligation cannot be considered as a sale under the mortgage debt for which it was substituted. The arguments by which the appellant can alone make the record of these proceedings evidence against the plaintiff, namely that it was a novation of the original obligation, necessarily destroys every consequence that would have followed a judicial inforce_ment of that obligation.

This position is susceptible of farther illustration. The defence of the appellant is that at a judicial sale, made to discharge the first instalment, he bought the property, and consequently took it free from any mortgage that might exist for any other portion of the same debt due on a second instalment. However true this may be in regard to the vendee at a judicial sale, it cannot apply to a purchaser by private contract, for if his vendor owed only a

portion of the price for which he bought, the mortgage would follow the property in the hands of the third person.    Had therefore the indorser voluntarily paid the whole of the first instalment in this instance, it would not have destroyed the vendor's privilege on the second. Payment of part of the first instalment, and giving his note for the balance must have the same effect.    It requires a judicial sale to enforce the first instalment to enable the purchaser to get clear of the incumbrances existing in virtue of the second.    In this instance the note which first fell due was extinguished by payment and by substituting a new debt, in which the creditor did not expressly reserve the privileges and mortgages conferred by the old.    The sale here was not made to inforce the first instalment, but the debt that was substituted for it.    If the note of the indorser is not considered as operating novation, but as collateral security, there would be still less reason for saying that a sale under judgment to enforce its payment could destroy the mortgages attached to the future instalments of the debt it was intended to secure.    Another test may be applied which will shew the correct-

Eastern Dist.
*Feb'ry*, 1829.

AYRAUD
*vs.*
BABIN'S
HEIRS.

ness of these principles.   If the indorser, previous to the judgment obtained against him by the curator on his personal obligation, had sold this land to a third person, and the curator had sought by an action of mortgage to have had the premises seized and sold, the purchaser could have successfully urged that the money paid by the indorser, and his note for the balance had extinguished the debt due by the original vendee.   If then the creditor could not have enforced the hypothecary right against a third person, how can a sale of the property in the possession of the indorser be considered as transferring that right to the purchaser at sheriff's sale?

This opinion disposes of the two first points made by the appellant.

There is no evidence before us that the judgment was obtained by fraud or connivance. And the objection that the judgment against the principal debtor does not contain any reasons cannot avail the appellant, for that merely rendered it voidable, and until set aside by the party interested it had all the effect of a judgment regularly rendered.   Whether evidence was given on the trial against the debt-

or that this land was mortgaged for the pay-
ment of the debt is immaterial, provided it ap-
pear now clearly, as it does, that the premises
sold were in point of fact subject to the lien·
The law requires the creditor who is desirous
of enforcing his mortgage on property in the
hands of a third person to produce the judg-
ment against the debtor together with the act
of mortgage, and by this provision clearly con-
veys the idea that the existence of the debt is
to be settled with the party that owed the mo-
ney; and the existence of the lien created by
that debt, with the third possessor who holds
the property subject to the mortgage.

The plea of prescription cannot be sustain-
ed: for it is shewn that for a length of time
there was no authority to which the plaintiff
could have applied for an order of seizure.
*Contra non valentem agere non currit pre-
scriptio.* The appellant was the judge of the
district, and it was not until **1824** that provi-
sion was made by law for another judge to
grant orders of this description. *Acts of* **1824,**
*page* **10.**

These are all the grounds of defence set up
in the answer of the appellant, but in this court

Eastern Dist.
Feb'ry, 1829.

AYRAUD
vs.
BABIN'S
HEIRS.

he has made another. That the act of sale on which the seizure was made was neither a public nor private act. The appellees have objected to an enquiry on this ground, because no such allegation being made in the pleadings in the court of the first instance, an opportunity was not offered to them of meeting and disproving it there.

On reference to the petition, we find the plaintiff avers that he was evicted of the premises by an order of seizure founded on a mortgage or privilege existing on the land prior to the 1st April, 1820. The answer of the appellant contains no general denial, nor special denial of the fact; it negatives the recording of the judgment, but is silent as to the recording of the original contract of sale, and it is without any averment that the instrument on which the order of seizure issued was not an act of mortgage. Under this state of the pleadings, the party cannot put at issue here a fact on which the *contestatio litis* was not formed below. Every allegation in the petition which is not denied by the answer is admitted by it.

The act itself comes up with the record of the proceedings on which the eviction took

place, and it appears to want the signature of the parish judge. Whether the defect exists in the original instrument, or proceeds from an error in making out the transcript, we cannot say. But admitting it to be such as the appellant contends, as no issue was joined on that ground below, it cannot be examined here.

Eastern Dist
*Feb'y*, 1829.

AYRAUD
*vs.*
BABIN'S
HEIRS.

It is therefore ordered, adjudged and decreed that the judgment of the court of probates be affirmed with costs.

*Davezac* for the plaintiff—*Mitchell* for the defendants.